UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-102-02 (JDB) |
| ) | |
| DAVID SUCHIT ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PROPOSED SPECIAL VOIR DIRE QUESTIONS AND
OBJECTIONS TO GOVERNMENT'S SUBMISSION**

**Preliminary Statement**

The defendant objects to the Government's Preliminary Statement which goes outside the standard instructions giving the elements of the crime. The defendant requests, as he did in his proposed instructions, that the Court give Redbook Instruction 1.03 with the defense language.

The defendant suggests it be limited to:

This is a criminal case. The defendant - David Suchit - is charged in an indictment with conspiring to commit the crime of hostage-taking resulting in death and associated offenses. This crime occurred on the island of Trinidad in the Republic of Trinidad and Tobago. The defendant denies these allegations. He states that he was not a member of any conspiracy charged in the indictment and that he did not commit the crime of hostage-taking.

<u>New language to be used before trial begins</u>

\_\_\_\_\_During this trial you may hear testimony of witnesses from the Republic of Trinidad and Tobago. These witnesses speak English but their accent, intonation, speed and vocabulary may be different from ours. This Court and the parties have established a procedure for handling this issue.

If any of us cannot understand a witness or need testimony repeated, we have determined that the person who does not understand may raise his or her hand and we will stop the testimony, have the answer repeated and come to an agreement about what has been said. This procedure applies to you. If at any point during this trial, any juror does not understand the words of any part of a witness's testimony, please raise your hand and we will follow this course of action. You should feel free to raise your hand as many times as you need to. Please do not be embarrassed to do so. It is important that everyone understand what is being said in order to have a fair trial.

Response to Government's Submission

**Nature of the charges**

    A. Change to: "You have just heard a brief summary about the charges in this case.

Then use the government's language, as the indented question is acceptable. Add: Do any of you know anything about this incident or case?

    B. Acceptable

    C. Objection. This questions puts facts in front of the jury before they have been presented at trial and arguably, sets forth a theory of the government. It is an attempt to eliminate any juror that does not agree with its position. That is an inappropriate use of voir dire which is designed to look for bias, not to eliminate those people who don't agree with you. This statement presents an ongoing objection to any similar attempts by the government in other questions.

    D. Objection. The will be handled by instruction, as set forth in the defendant's Proposed Jury Instructions.

    E. Acceptable

    F. Change to: You will hear testimony that some co-conspirators, but not Mr. Suchit, cut

up a dead body and buried dismembered body parts in the jungle. Would you be able to listen to testimony and view photographs about these events and still be fair in considering the evidence in this case? Are there any of you who would be unable to listen or to see such evidence?

**Contact with Trinidad and Tobago**

All five questions are acceptable.

Add: Are you, or any close friend or relative currently or previously associated with any non-governmental organization that is involved in Latin American affairs? If yes, what is the organization?

**General Background**

Acceptable

**Associations and Contacts with and Role of the U.S. Government**

A and B   Acceptable

C.   Change: eliminate the facts in the first sentence and just ask the question

**Media**

All are acceptable.

**Languages**

Both are acceptable.

**General Principles**

A, B, and C are acceptable

The defendant asks that "D" be moved to the front of this section and that you add a final sentence which states. "As the defendant sits here right now in this courtroom, he is innocent of all charges, do any of you not believe this statement?

**Contacts and Associations with Law Enforcement**

 A. Acceptable generally but also include: U.S. State Department and "any other law enforcement agency not listed

 B and C are acceptable.

**Lawyers and the Legal System**

 All five questions are acceptable.

**Contacts with the Court and Pertinent Parties**

 A. Change: The defendant in this case is David Suchit who is a citizen of the Republic of Trinidad and Tobago. At the time of these events, he lived in that country, not in the United States, with his wife and children at the Last Lamp Post on Bellview in Arima, Trinidad where he worked in construction. Please take a good look at him. Do any of you know him or have had contact with him? Is there anything about his appearance that concerns you?

 B. Acceptable

 C. The defendant is represented by Diane Lepley whose law offices are at 400 Seventh Street, N.W., Suite 400, in Washington, D.C. She also lives in the District of Columbia. Do you know or have you ever had any contact with her?

 D. Acceptable but add or has anyone ever appeared in front of me, watch a proceeding over which I was presiding, or served on a jury considering a case before me.

 E. Make this generic to include both government and defense witnesses and include all names in one group so that there is no distinction or disparity in number of witnesses.

 F. Eliminate it. See above

**Prior Jury Service**

    All sub-parts are acceptable.

**Prior Contacts With The Criminal Justice System**

    A and B are acceptable

**Physical and Mental Condition**

    All sub-parts are acceptable

**Hardship**

    Acceptable

**Miscellaneous**

    Acceptable

## Proposed Additional Voir Dire Questions

    The defendant, David Suchit, through undersigned counsel, respectfully proposes the following special <u>voir</u> <u>dire</u> examination for the trial in this matter.

<u>Questions</u>

    1. The defendant has been charged with these offenses by way of indictment. An indictment is not evidence; it is merely the formal manner of informing the accused of the charges against him. Does the fact that a Grand Jury returned an indictment make it difficult for you to presume the innocence of Mr. Suchit? Does the mere fact that he has been charged with two crimes lead you to conclude that he is guilty of one, or more, of them?

    2. If you as a juror, came to the conclusion that the prosecution had not proved the guilt of Mr. Suchit beyond a reasonable doubt but the majority believed that the defendant was guilty, would you change your verdict only because you were in the minority?

3. Is there anyone who, because of the reported crime situation in D.C., thinks that his or her own fears or feelings would make it difficult to consider the evidence surrounding these criminal charges?

4. Are any of you, members of your family or close personal friends members of, or participants in a neighborhood watch program or crime prevention committee in the community?

5. Do any of you feel that you will not be able to be fair in a case involving allegations related to the death of a person?

6. Has anyone here had any personal experience involving a kidnaping of yourself, a member of your family or a close personal friend?

7. Is there anyone who has such a strong dislike of people charged with offenses like these such that you would have difficulty setting aside those feelings and judging this case on the evidence alone?

8. Do any of you feel that you will not be able to be fair in a case involving allegations of violence? Has anyone here had any personal experience involving a violent act toward yourself, a member of your family or a close personal friend?

9. Do any of you feel that you will not be able to be fair in a case involving allegations that one or more people charged in this case may have considered kidnaping a young child at some point?

10. Are each of you of such a fair and impartial state of mind that you would be satisfied to have a jury with the mental state that you now have judge the evidence if you or a close family member were on trial?

11. If you were chosen as a juror on this matter, would you be concerned about possible reactions to the verdict by friends, relatives, the media or other people in the community?

12. During this case, you may hear that people connected with this case used illegal drugs or were convicted of drug-related offenses. Do you have such strong feelings about illegal drugs that the nature of the evidence would make it difficult for you to be fair and judge this case on the evidence present in court, not on the drug usage and/or convictions?

13. Do you belong to or support any group or organization that has as a purpose lobbying for more severe criminal penalties or tougher treatment of those convicted of those crimes?

14. Have any of you, or any family member or close friend, supported or contributed to any organization which is actively working to restrict sale and use of illegal drugs? Have any of you participated in any demonstrations on the issue of drug abuse?

15. Do you believe that users of drugs are more or less responsible or equally responsible for the drug problem as those who import, sell or distribute drugs.

16. Are you, or any close friend or relative currently or previously employed by an other entity involved in assisting with the conduct of hostage negotiations or in advising or counseling the victims of abductions of hostage-taking?

17. (Only if the Court allows the government to put before the jury the irrelevant fact that the decedent, Balram Maharaj, was a Viet Nam War veteran or military hero-- the defendant would oppose this evidence) Did any of you, or a family member, or close friend serve in the Viet Nam War or in any other military action or in any branch of the military? Do any of you believe that the decedent's status as a former military person would affect in any way your ability to render a fair verdict in this case?

Respectfully submitted,

_____
Diane S. Lepley, #368927
400 Seventh Street, N.W.
Suite 400
Washington, D.C.  20004
(202) 393-0007

## CERTIFICATE OF SERVICE

I do hereby certify that a true copy of the foregoing has been served by fax upon AUSA Bruce Hegyi and Jeanne Hauch at 555 Fourth Street, N.W., Washington, D.C. this  29h    day of May, 2007.

_____
Diane S. Lepley