UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

V.                                                                06-102 (JDB)

**ANDERSON STRAKER**

### MOTION TO CONDUCT DEPOSITIONS OF UNAVAILABLE WITNESSES

Defendant, by and through undersigned counsel, Steven R. Kiersh, pursuant to Federal Rule of Criminal Procedure 15, does hereby seek leave to conduct pretrial depositions of material witnesses who are unavailable to be subpoenaed to this Court. In support thereof, defendant states as follows:

Defendant has been charged in a multiple party, multiple count Indictment alleging Conspiracy to Commit Hostage Taking Resulting in Death in violation of 18 U.S.C. 1203 (a). All of the events that form the factual bases for the crimes occurred in the Republic of Trinidad/Tobago. Defendant has located witnesses who have material and relevant testimony to express for both the Motion to Suppress Statements hearing and for trial who are located in Trinidad/Tobago, Canada and Florida.[1] The witnesses are beyond the subpoena power of this Court and defendant has no means to compel their presence at the motions hearing or at trial. Preservation and presentation of the testimony can only be accomplished through the taking of depositions.

---

[1] On Friday, June 13, 2008, defendant will be filing an Ex Parte Under Seal Listing of Witnesses to be Deposed that will address the substance of their anticipated testimony. Defendant is not seeking to identify his witnesses to the United States prior to the taking of the depositions.

1

**ARGUMENT**

Fed R.Crim.P. 15(a) states as follows:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness or a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition.

The party seeking to take the depositions bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Ismaili,* 828 F.3d 153,159 (3rd. Cir. 1987), cert. denied, 485 U.S. 935 (1988). "Critical factors toward meeting the this burden include (1) the materiality of the testimony; and (2) the unavailability of the witness to testify at trial. [T]here is typically some showing, beyond unsubstantiated speculation that the evidence exculpates the defendant." *Guam v. Ngirangas*, 806 F.2d 895, 897 (9th Cir. 1986); *United States* v. *Wilson,* 601 F.2d 95, 97 (3rd Cir. 1979).

Defendant meets the exceptional circumstance and should therefore be granted to leave to conduct necessary depositions.

**Materiality:** The government intends to introduce statements of Anderson Straker purportedly made to the F.B.I. while he was being extradited to the United States. The statements are very significant pieces of evidence as there is no forensic evidence linking defendant to the crimes alleged in the indictment. Defendant has challenged the admissibility of the statements alleging, among other factors, that the oppressive conditions of his confinement and an assault by an F.B.I. agent while in Trinidadian custody rendered his statements involuntary. Defendant has identified at least three witnesses who can attest to the oppressive conditions of his confinement and who will testify that he complained to them about being assaulted by an F.B.I agent in Trinidad. One of the witnesses will testify that he complained about the treatment of Mr. Straker to a court of the Republic of Trinidad/Tobago.

The Government intends to argue that defendant's travel to Canada following the kidnapping of Mr. Maharaj constitutes consciousness of guilt suggesting that defendant fled to Canada to avoid prosecution in Trinidad. Defendant has identified three witnesses who are prepared to testify that he regularly visited Canada to see family members and that he would routinely purchase Air Canada tickets to travel from Trinidad to Canada.

During the trial of David Suchit, the government introduced testimony from a Trinidadian Medical Examiner . The expert addressed each of the medications that were prescribed to Mr. Maharaj and offered a hypothetical opinion that if a person suffering from diabetes was deprived of those medications, and placed under a stressful situation, they would lapse into a diabetic coma and die within one day. Defendant has witnesses who can provide specific information about Mr. Maharaj that will demonstrate a lack of factual foundation for the medical examiner's opinions about a diabetic coma. This testimony is significant as it may tend to refute the death component of the conspiracy charge.

**Unavailability:** The witnesses are located in Trinidad, Canada and Florida. They are beyond the subpoena power of this Court and therefore unavailable to be compelled to appear for live testimony at the Motion to Suppress Statements hearing or trial.

In its Opposition to the Motion to Dismiss Indictment filed by David Suchit, the government acknowledged the availability of Rule 15 as a means of preserving the testimony of unavailable witnesses and cited a string of cases that stand for the same standards of materiality and unavailability that defendant offers in support of this Motion. [See *United States v. David Suchit* Gov't Opposition to Motion to Dismiss Indictment , page 4, footnote 1.]

Defendant submits that due process requires that he be permitted to conduct depositions of material and unavailable witnesses as the only means of preserving their testimony for the motions hearing and for trial.[2]

**CONCLUSION**

The right to offer testimony in defense of a criminal prosecution is a fundamental tenet of the Sixth Amendment to the United States Constitution. The right to defend oneself is an essential element of due process of law. *Washington v. Texas*, 388 U.S. 16, 19 (1967). Part of the ability to present a defense is the power to subpoena witnesses. See *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

As discussed herein, defendant is without the power to compel what he believes to be material testimony in support of his defense to the charges herein. Accordingly, defendant seeks an Order from this Court allowing for the taking of depositions of the individuals identified in the Ex Parte Under Seal List of Witnesses to be Deposed.[3]/[4]

Respectfully submitted,

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

---

[2] Defendant notes that if the Court grants this Motion he is not waiving a due process challenge to the indictment. Defendant's preference is to have the witnesses testify live before the Court and a jury.

[3] In the event that this Court grants this Motion, defendant anticipates that some of the witnesses will agree to be deposed in the jurisdictions in which they presently reside. There are, however, some witnesses who may have to have their attendance at a deposition compelled by a Court of the Republic of Trinidad/Tobago. In that situation, defendant will submit a Letter Rogatory to this Court seeking the assistance of a Trinidad/Tobago court to compel the attendance of the witness or witnesses.

[4] Defendant notes that the List of Witnesses may be added to based upon his ongoing factual investigation and review of the transcripts from Trinidad as well as other documents received in discovery. In addition, this Motion has been circulated to all other defense counsel who may seek to join the Motion and add their own witnesses to the proposed list.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing was served, via PACER, upon Bruce Hegyi, E squire, and Jeanne Hauch, Esquire Assistant U.S. Attorneys, 555 4th Street, N.W, Washington, D.C. 20530, and all other defense counsel, on this the 12th day of June, 2008.

                                                                                      _____/s/_____
                                                                                      Steven R. Kiersh