UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| V. | : 06-102-10 (JDB) |
| | : |
| **WAYNE PIERRE** | : |

### MOTION TO CONDUCT DEPOSITIONS OF UNAVAILABLE WITNESSES

Defendant, by and through undersigned counsel, John Carney, pursuant to Federal Rule of Criminal Procedure 15, does hereby seek leave to conduct pretrial depositions of material witnesses who are unavailable to be subpoenaed to this Court. In support thereof, defendant states as follows:

Defendant has been charged in a multiple party, multiple count indictment alleging Conspiracy to Commit Hostage Taking Resulting in Death in violation of 18 U.S.C. 1203 (a). All of the events that form the factual bases for the crimes occurred in the Republic of Trinidad/Tobago. Defendant has located witnesses who have material and relevant testimony to provide at trial who are located in Trinidad. The witnesses are beyond the subpoena power of this Court and defendant has no means to compel their presence at trial. Preservation and presentation of the testimony can only be accomplished through the taking of depositions. Undersigned counsel has identified six witnesses so far that he wishes to depose. Four of the witnesses have expressed an unwillingness or lack of desire to travel to the United States to testify at trial while two of the witnesses would do so. It is possible there will be an additional two to three law enforcement witnesses to be deposed depending on the responses to Letters Rogatory and the Court's ruling on the admissibility of 404 (b) evidence.

**ARGUMENT**

Fed R.Crim.P. 15(a) states as follows:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness or a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition.

The party seeking to take the depositions bears the burden of demonstrating that "exceptional circumstances" necessitate the preservation of testimony through a deposition. *United States v. Ismaili,* 828 F.3d 153,159 (3rd. Cir. 1987), cert. denied, 485 U.S. 935 (1988). "Critical factors toward meeting the this burden include (1) the materiality of the testimony; and (2) the unavailability of the witness to testify at trial. [T]here is typically some showing, beyond unsubstantiated speculation that the evidences exculpates the defendant." *Guam v. Ngirangas*, 806 F.2d 895, 897 (9th Cir. 1986); *United States* v. *Wilson,* 601 F.2d 95, 97 (3rd Cir. 1979).

Defendant meets the exceptional circumstance and should therefore be granted leave to conduct necessary depositions.

**Materiality:** The government intends to introduce other crimes evidence that defendant Pierre participated in four other kidnappings during the period of December 16, 2004 through July 2005. Defendant Pierre, as will be detailed in an ex parte list of witnesses, will provide evidence to the contrary.

In addition, defendant Pierre wishes to join in on the depostion of witnesses proposed by counsel for Anderson Straker relating to the testimony the government introduced from a Trinidadian Medical Examiner during the trial of David Suchit. The expert addressed each of the medications that were prescribed to Mr. Maharaj and offered a hypothetical opinion that if someone who was diabetic were deprived of those medications, and placed under a stressful situation, they would lapse into a diabetic coma and die within one day. Defendant Pierre agrees with counsel for Anderson Srtraker that

there are witnesses who can provide information about Mr. Maharaj that will demonstrate a lack of factual foundation for the medical examiner's opinions about a diabetic coma. This testimony is significant as it may tend to refute the death component of the conspiracy charge.

**Unavailability:** The witnesses are located in Trinidad. They are beyond the subpoena power of this Court and therefore unavailable to be compelled to appear for live testimony trial. Counsel is also concerned that witnesses who have stated that they would reluctantly travel to the United States might change their minds.

As noted by Mr. Kiersch in his motion to conduct depositions of unavailable witnesses (ECF Document 205), in its Opposition to the Motion to Dismiss Indictment filed by David Suchit, the government acknowledged the availability of Rule 15 as a means of preserving the testimony of unavailable witnesses and cited a string cases that stand for the same standards of materiality and unavailability that defendant offers in support of this Motion. [See *United States v. David Suchit* Gov't Opposition to Motion to Dismiss Indictment , page 4, footnote 1.]

Defendant submits that due process requires that he be permitted to conduct depositions of material and unavailable witnesses as the only means of preserving their testimony for the trial.[1]

## CONCLUSION

The right to offer testimony in defense of a criminal prosecution is a fundamental tenet of the Sixth Amendment to the United States Constitution. The right to defend one self is an essential element of due process of law. *Washington v. Texas*, 388 U.S. 16, 19 (1967). Part of the ability to present a defense is the power to subpoena witnesses. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987).

As discussed herein, defendant is without the power to compel what he believes to be material testimony in support of his defense to the charges herein. Accordingly, defendant seeks an Order from this Court allowing for the taking of depositions of the individuals identified in an Ex Parte

---

[1] Defendant notes that if the Court grants this Motion he is not waiving a due process challenge to the indictment. Defendant's preference is to have the witnesses testify live before the Court and a jury.

Under Seal List of Witnesses to be Deposed[2], to be filed. Defendant Pierre also joins in on Defendant Straker's Motion to Conduct Depositions of Unavailable Witnesses with particular reference to certain witnesses he identifies in his <u>ex</u> <u>parte</u> under seal list of witnesses to be deposed in Trinidad and Montreal, as will be more specifically stated in an ex parte motion to be filed with the Court.

Respectfully submitted,

_____/s/_____
John Carney
Carney & Carney
601 Pennsylvania Ave., N.W.
Suite 900, South Building
Washington, D.C. 20004

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served, via PACER, upon Bruce Hegyi, Esquire, and Jeanne Hauch, Esquire Assistant U.S. Attorneys, 555 4th Street, N.W, Washington, D.C. 20530, and all other defense counsel, on this the _____ day of _____, 2008.

_____
John Carney

---

[2] In the event that this Court grants this Motion, defendant anticipates that some of the witnesses will agree to be deposed in the jurisdictions in which they presently reside. There are, however, some witnesses who may have to have their attendance at a deposition compelled by a Court of the Republic of Trinidad/Tobago. In that situation, defendant will submit a Letter Rogatory to this Court seeking the assistance of a Trinidad/Tobago court to compel the attendance of the witness or witnesses.