UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                    Criminal No.: 06-102 (JDB)

ANDERSON STRAKER

MOTION AND POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR ISSUANCE OF LETTERS ROGATORY

Defendant, by and through undersigned counsel, Steven R. Kiersh, respectfully sets forth to this Honorable Court as follows:

1. Defendant has been indicted in a multiple party, multiple count indictment charging Conspiracy to Commit Hostage Taking resulting in Death, 18 U.S.C. 1203 (a), Hostage Taking resulting in Death, 18 U.S.C. 1203 (a), and Aiding and Abetting and Causing an Act to be Done, 18 U.S.C. 2.

2. The events that are the subject of the indictment all occurred in the Republic of Trinidad/Tobago. Specifically, defendant is alleged to have been a member of a conspiracy consisting of approximately ten men, each of whom is a citizen of Trinidad. It is charged that the conspiracy agreed to and in fact did kidnap an American citizen Balram Maharaj. The victim died while in the custody of his kidnappers. All of the planning for the kidnapping occurred in Trinidad, the actual kidnapping occurred in Trinidad, the victim was held until his death in Trinidad, a reward for information leading to those who perpetrated the kidnapping of Mr. Maharaj was issued in Trinidad, the

1

victim had substantial ties to Trinidad, the Trinidadian police investigated the kidnapping, forensic tests that were conducted secondary to the kidnapping investigation were performed in Trinidad, and defendant was detained for a substantial period of time in Trinidad before being turned over to the United States Federal Bureau of Investigation.

3. There are no acts in furtherance of the conspiracy that occurred in the United States.

4. Defendant has had the events surrounding the allegations against him investigated in Trinidad and believes there is material evidence and potentially exculpatory evidence in the custody of the Trinidadian authorities. Defendant desires to evaluate the information identified in the attached Request for International Assistance in preparation of his defense to the charges contained in the indictment.[1]

5. A letter rogatory is

> (T)he medium, in effect, whereby one country, speaking through one of its courts, requests, another country, acting through its own courts and by methods of court procedure peculiar thereto and entirely within the latter's control, to assist the administration of justice in the former country, such request being made, and being usually granted, by reason of the comity existing between nations in ordinary peaceful times.

---

[1] Defendant acknowledges that the United States has produced some evidence that it has obtained from the Trinidadian authorities. However, in the interests of completeness, defendant seeks to have the Trinidadian authorities provide additional information that it has in its possession. It is clear that some of the information that defendant seeks to obtain from Trinidad, is, in the view of the United States, beyond the scope of Rule 16. Defendant disputes this reading of Rule 16.

*International Krishna Consciousness*, Inc. v. Lee, 105 F.R.D. 435 at 438 (S.D.N.Y.) citation omitted.

      6. Title 28 U.S.C. Section 1781, and the district court's inherent authority, provide this Court with power to issue letters rogatory to other nations. *United States v. Reagan,* 453 F. 2d 165, 171-73 (6th Cir. 1971). cert. denied, 406 U.S. 946 (1972). Similarly, Federal courts have the power to execute letters rogatory for the benefit of foreign nations who request evidence from the United States and its citizens. 28 U.S.C. 1782; *In Re Request From the Crown Prosecution Service*, 870 F.2d. 686 (D.C. Cir. 1989).

      7. It is defendant's understanding that consistent with an agreement in the matter of United States v. David Suchit, the United States Department of State already has confirmed with the Attorney General's Office of the Republic of Trinidad/Tobago that it will accept letters rogatory from this Court. According to Assistant United States Attorney Bruce Hegyi, Michelle Bernier-Toth is prepared to transmit such letters through appropriate diplomatic channels to the appropriate Trinidad/Tobago courts.

**Proposed procedure for reviewing requests:**

      Defendant and the United States have discussed the requests that are outlined in the attached Letter Rogatory. The individual requests in the attached Letter Rogatory that are accompanied by an asterisk are those that the parties agree should be turned over to the defendant or, as specifically indicated, be provided to the Court for an *in camera* review and subsequent determination regarding whether they should be produced to defendant. The remaining requests are in dispute and will necessitate rulings from the Court. The parties are prepared to litigate the discoverability of the disputed requests.

The attached Letter Rogatory contains the requests of the defendants.

WHEREFORE, the foregoing considered, defendant prays this Honorable Court issue that attached Letter Rogatory to the appropriate Court of the Republic of Trinidad/Tobago.

Respectfully submitted

_____/s/_____
Steven R. Kiersh #323329
5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of foregoing was served upon Bruce Hegyi, Esquire, and Jeanne M. Hauche, Esquire Assistant U.S. Attorneys, 555 4th Street, N.W., Washington, D.C., and all other counsel, via PACER, on this the 24th day of June, 2008.

_____/s/_____
Steven R. Kiersh