IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 06-102-11 (JDB) |
| v. | |
| CHRISTOPHER SEALEY, Also known as Christopher Bourne, also Known as Boyie | |
| Defendant | |

## DEFENDANT CHRISTOPHER SEALEY'S
## MOTION TO SEVER DEFENDANTS

The Defendant, Christopher Sealey, by and through his attorneys, Patrick M. Donahue and The Donahue Law Firm, respectfully moves this Court, pursuant to Fed.R.Crim.P. 14, to sever his trial from that of his co-defendants. In support of this Motion the Defendant submits the attached Memorandum of Points and Authorities.

WHEREFORE, for the reasons stated in this Motion, the attached Memorandum, and any others that may become apparent at the hearing on this Motion, the Defendant requests that the Court grant a severance of the Defendant's trial from that of his co-defendants.

Respectfully submitted,

**THE DONAHUE LAW FIRM**

By:  /s/
Patrick M. Donahue
Bar No. 358184
18 West Street
Annapolis, Maryland 21401
Telephone: 410-280-2023

Attorney for Defendant, Christopher Sealey

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2008 a copy of the foregoing Motion to Sever Defendants and Memorandum of Points and Authorities in Support of Defendant Christopher Sealey's Motion to Sever Defendants was served on all parties by the electronic filing system of the United States District Court for the District of Columbia.

/s/
Patrick M. Donahue

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

CHRISTOPHER SEALEY,
Also known as Christopher Bourne, also
Known as Boyie

Defendant.

Criminal No. 06-102-11 (JDB)

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT CHRISTOPHER SEALEY'S
## MOTION TO SEVER DEFENDANTS

### I. Facts

The Indictment relates to events which allegedly occurred in Trinidad in the early

months of 2005. Christopher Sealey is one of twelve Trinidadian nationals who have been

indicted in the District of Columbia for Conspiracy to Commit Hostage Taking Resulting in

Death and with Hostage Taking Resulting in Death, both charges being in violation of 18

U.S.C. § 1203(a). The allegations of the superseding Indictment are as follows: Beginning

on or about February 1, 2005 and ending on or about April 15, 2005, Mr. Sealey's co-

conspirators embarked upon a plan to obtain the money of Balram Maharaj, who was a

Trinidadian National returning to visit the Island of Trinidad. The conspirators determined to

kidnap Balram Maharaj and sought to obtain a ransom of Mr. Maharaj's money, from Mr.

Maharaj's relatives, for his release. On April 6, 2005, in accordance with their plan, Balram

Maharaj was abducted and a ransom of $3,000,000 Trinidad (approximately $500,000.00 US)

was demanded for his release. Mr. Maharaj was held captive at a hideout in a mountainous

jungle region of Trinidad. On or about April 13, 2005, Mr. Maharaj expired at the remote

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

3

hideout. Following Mr. Maharaj's death, members of the conspiracy dismembered his body and buried his body parts at another remote location in the mountainous jungle

The Indictment alleges 82 overt acts covering the 10 week period, from February 1, 2005 to April 15, 2005. It is alleged that Mr. Sealey participated only on April 6, 2005, as one of two individuals who abducted Mr. Maharaj from the Samaan Tree Bar. Mr. Sealey denies being involved. There exists no forensic evidence linking him to the 10 week conspiracy or the tragedy that befell the victim. The alleged statement of Mr. Sealey, which was written by arresting officers, was neither video or audio taped.[1] Moreover, while the Bar was open and with patrons, there has never been an identification of Mr. Sealey as the abducting gunman. In short, the only evidence of his involvement appears to be a statement written by police which Mr. Sealey challenges.

In the Government's Notice of Intention to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), four different hostages-takings involving armed kidnappings, remote jungle hideouts, ransom, and murder are proposed as other crimes evidence as against co-defendants Pierre and/or Nixon. None of such graphic and callous other crimes evidence is admissible as against Mr. Sealey nor would it be heard at all were Mr. Sealey to have a separate trial.

**II. Law**

Federal Rule of Criminal Procedure 14 states, in pertinent part, the following:

> [I]f it appears that a defendant or the government is prejudiced
> by the joinder of offenses or of defendants in an indictment or
> information or by such joinder for trial together, the court may
> order an election of separate trials of counts, grant a severance
> of defendants or provide whatever other relief justice requires.

This Court has long recognized that one type of prejudice which may require severance arises where there exists a great disparity in the weight of evidence against the

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[1] The Statement is subject to a Motion to Suppress filed contemporaneously herewith.

4

defendants such that the evidence strongly establishes guilt in one defendant but evidence against another does not; in such a situation the danger persists that guilt will improperly "rub off" on the less culpable defendant. See United States v. Mardian, 178 U.S. App. D.C. 207, 546 F.2d 973, 977 (1976); Accord; United States v. Bruner, 212 U.S.App.D.C. 36, 657 F.2d 1278 (1981); United States v. Gambrill, 146 U.S.App. D.C. 72, 86 (1980); United States v. Kelly, 349 F.2d 720 (2d Cir. 1965). This Court has noted that the evidence against the moving defendant must be insubstantial. See United States v. Leonard, 16 U.S. App. D.C. 36, at 47, 494 F.2d 955, at 966 (1974). This Supreme Court has recognized that where there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence, a severance pursuant to Rule 14 should be granted. Zaffro v. United States, 933 S. Ct. 933, 935 (1993). This Court has recognized that the circumstances where a joint trial would prevent the jury from making a reliable judgment about guilt or innocence includes instances involving inadmissibility of evidence if there were separate trials and markedly different degrees of culpability. See United States v. Brown, 16 F.3d 423 430 (D.C. Cir. 1994).

## III. **Argument**

In the instant case the evidence against Mr. Sealey is sparse. None of the Bar patrons identify him and there is no forensic evidence that links him to the entire 10 week conspiracy. It is the lone statement written by arresting officers. Given the nature of the Government's case, Mr. Sealey submits that there exists a great disparity in the weight of the evidence against him and co-defendants; specifically, while the evidence, as alleged, may establish guilt of other co-defendants the evidence against Sealey is far less substantial and the danger persists that the guilt of the others will "rub off" on him. Moreover, given the "thin" nature of

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

the evidence, as well as the brutal nature and substance of the 404(b) evidence proposed against co-defendants Pierre and Nixon, a joint trial has the potential of and likely would be so prejudicial that no jury could make a reliable judgment about Mr. Sealey's guilt or innocence.

WHEREFORE, for the foregoing reasons and any others that may become apparent at the hearing on this Motion, the Defendant requests that the Court Order severance of the trial of Christopher Sealey from the trial of the above referenced co-defendants.

Respectfully submitted,

The Donahue Law Firm

/s/
Patrick M. Donahue, Esq.
Bar No. 358184
18 West Street
Annapolis, Maryland  21401
(410) 280-2023
Attorneys for Defendant, Christopher Sealey